IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LIFECARE MANAGEMENT SERVICES, LLC, | § § | |
| Plaintiff, | § | |
| v. | § § | |
| INSURANCE MANAGEMENT ADMINISTRATORS, INC., f/k/a INSURANCE MANAGEMENT ADMINISTRATORS OF LOUISIANA, INC., BEECH STREET CORPORATION, VIANT HOLDINGS, INC., VIANT PAYMENT SYSTEMS, INC., VIANT MANAGEMENT SERVICES, INC., CARTER CHAMBERS, LLC, CARTER CHAMBERS EMPLOYEE BENEFIT PLAN, BILL & RALPH'S, INC., and BILL & RALPH'S, INC. EMPLOYEE BENEFIT PLAN & TRUST, | § § § § § § § § § § § § § § | Civil Action No. 3:08-CV-1641-M |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are the following motions: (1) Defendants Insurance Management Administrators, Inc., Bill & Ralph's, Inc., and Bill & Ralph's, Inc. Employee Benefit Plan & Trust's Motion to Strike and Objections to Plaintiff LifeCare Management Services, LLC's Summary Judgment Evidence [Docket Entry #48]; (2) Defendants Insurance Management Administrators, Inc., Carter Chambers, LLC, and Carter Chambers Employee Benefit Plan's Joint Motion to Strike and Objections to Plaintiff LifeCare Management Services, LLC's Summary Judgment Evidence [Docket Entry #59]; (3) Plaintiff's Objections to and Motion to Strike Defendants Insurance Management Administrators, Inc., Carter Chambers, LLC, and Carter Chambers Employee Benefit Plan's Summary Judgment Evidence [Docket Entry #68];

(4) Plaintiff's Opposed Motion for Leave to File Supplemental Appendix to Plaintiff's Motion for Summary Judgment [Docket Entry #66]; and (5) Defendants Insurance Management Administrators, Inc., Bill & Ralph's, Inc., and Bill & Ralph's, Inc. Employee Benefit Plan & Trust's Motion for Leave to File Amended Motion to Strike Plaintiff's Summary Judgment Evidence and Motion for Leave to Supplement Summary Judgment Evidence [Docket Entry #70].

*Background*

Bill & Ralph's, Inc. ("BRI") employed Bobby Wall, who participated in the BRI Employee Benefit Plan (the "BRI Plan"), which was administered by Insurance Management Administrators, Inc. ("IMA"). Wall received treatment at a LifeCare Management Services, LLC facility located in Shreveport, Louisiana. The BRI Plan provides for certain benefits to be paid for services rendered by a "hospital," but provides no benefits for services rendered by a "skilled nursing facility."[1] IMA refused to pay Wall's medical bills of $340,301.14, determining that LifeCare was a skilled nursing facility, not a hospital. Wall assigned to LifeCare his claims arising from non-payment of the LifeCare bills.[2]

Carter Chambers, LLC ("Carter") employed Christopher Evans, who participated in Carter's Employee Benefit Plan (the "Carter Plan"), which was administered by IMA. Evans received treatment at LifeCare's Dallas facility. IMA determined that LifeCare was a "long-term acute care facility," which is categorized as a skilled nursing facility under the language of the Carter Plan, and refused to pay $171,898.33 of Evans' LifeCare bills.[3] Evans assigned to LifeCare his claims arising from non-payment of the LifeCare bills.

---

[1] P Wall App. at 164.
[2] P Wall App. at 779.
[3] P Evans App. at 104-05, 122; P Wall App. at 184-85 (the BRI Plan).

On February 16, 2010, the Court consolidated the Evans suit (3:08-CV-1642-M) into the Wall suit. LifeCare seeks to recover its bills, for services rendered to Wall and Evans, from the BRI and Carter Plans (collectively "the Plans"), BRI, Carter, and IMA, pursuant to ERISA § 502(a)(1)(B), codified at 29 U.S.C. § 1132(a)(1)(B). LifeCare sues IMA and Beech Street Corporation for breach of contract, and BRI, Carter, IMA, and the Plans for deceptive insurance practices, under Texas Insurance Code § 541.151 and Texas Deceptive Trade Practices Act § 17.46(b).[4] All parties have filed motions for summary judgment, and the Court here addresses motions related to the summary judgment evidence.

*Analysis*

A. Defendants' Motions to Strike LifeCare's Summary Judgment Evidence

1. IMA, BRI, and the BRI Plan's Motions to Strike

On January 7, 2010, IMA, BRI, and the BRI Plan moved to strike the declaration of Renee Beckham and the affidavit of Judy Hogan, which are appended to LifeCare's Motion for Summary Judgment on Wall's coverage. On March 25, 2010, these Defendants sought leave to file an amended motion to strike and to supplement their summary judgment evidence.

These Defendants seek to supplement their summary judgment evidence with the affidavit of Kelly Webb, which is contained in their appendix in connection with Evans' coverage and which is therefore already in the consolidated record. The Court will consider the affidavit of Kelly Webb for all purposes, and to that extent the motion for leave to supplement is **GRANTED**.

Defendants seek leave to amend to specifically identify the portions of the declaration of Renee Beckham and affidavit of Judy Hogan they seek to strike. Although Defendants purport

---

[4] The Court notes LifeCare's withdrawal of its claims against Viant Holdings, Inc., Viant Payment Systems, Inc., and Viant Management Services, Inc. P Evans Resp. Br. at 46 n.163.

to seek *leave* to file an amended motion to strike, the amended motion to strike appears in the body of their motion, rather than as an exhibit thereto, and without a supporting brief, in contravention of Local Civil Rules 7.1 and 56.7. Furthermore, Fed. R. Evid. 103(a) "requires the objecting party to make specific objections and state the specific grounds on which each piece of evidence should be stricken."[5] "Because 'a loosely formulated and imprecise objection will not preserve error,' a trial court 'must be fully apprised of the grounds of an objection.'"[6] Failure to comply with the Local Civil Rules, Federal Rules of Evidence, and Fifth Circuit precedent does not constitute good cause for filing an amended motion to strike, which is prejudicial to LifeCare due to its late submission, and no other claim of good cause is substantiated. IMA, BRI, and the BRI Plan's Motion for Leave to File Amended Motion to Strike Plaintiff's Summary Judgment Evidence is therefore **DENIED**.

In their original motion to strike, Defendants contend that the declaration of Renee Beckham violates the best evidence rule and is irrelevant, and Defendants offer a litany of loosely formulated reasons for striking the affidavit of Judy Hogan. The affidavit of Judy Hogan discusses Wall's treatment in LifeCare's Shreveport facility and whether that facility is a hospital, rather than a skilled nursing facility.[7] The Court finds that Defendants' objections lack merit and denies them. The Hogan affidavit is relevant, because whether LifeCare is a hospital or skilled nursing facility relates to whether IMA fairly read the Plan. Ms. Hogan states under oath that she has personal knowledge of the matters in her affidavit and does not offer expert or legal opinions.

---

[5] *See Williams v. N. Tex. Tollway Auth.*, No. 3:08-CV-1840-G, 2010 WL 2403740, at *4 (N.D. Tex. Apr. 27, 2010) (citing *Tucker v. SAS Institute Inc.*, 462 F. Supp. 2d 715, 722 (N.D. Tex. 2006)).
[6] *Id.* (quoting *United States v. Polasek*, 162 F.3d 878, 883 (5th Cir. 1998)).
[7] P Wall App. at 781-83.

Renee Beckham is a consultant employed by LifeCare who provides assistance with managed care-related activities. Her declaration concerns the benefits that IMA provided to another patient treated at LifeCare's Shreveport facility (the "Shreveport patient"), who was subject to the terms of the Housing Authority of Shreveport's Employee Benefit Plan.[8] After IMA found that LifeCare operated a skilled nursing facility and denied a portion of the Shreveport patient's bills, LifeCare provided documentation showing that its facility was an acute care hospital, and IMA then approved full payment.[9] Ms. Beckham describes the Shreveport patient's coverage by reference to IMA's Verification of Benefits, which purports to summarize the terms of the Housing Authority Plan.[10] The Housing Authority Plan is not attached to Ms. Beckham's declaration and is not included in the summary judgment evidence.[11] Because the Housing Authority Plan is the best evidence of the Shreveport patient's coverage, IMA's Verification of Benefits and Ms. Beckham's description of the Housing Authority Plan are stricken under the best evidence rule.[12]

LifeCare contends that IMA's denial of Wall's claim was inconsistent with IMA's full payment of the Shreveport patient's bills, because IMA could not have approved full payment while maintaining its conclusion that LifeCare's Shreveport location was a skilled nursing facility.[13] However, without the Housing Authority Plan, the Court cannot determine the

---

[8] P Wall App. at 790. The identity of that patient was redacted.
[9] *Id.* at 790-94.
[10] P Wall App. at 790-93.
[11] *See generally Bituminous Cas. Corp. v. Vacuum Tanks, Inc.*, 975 F.2d 1130, 1132 (5th Cir. 1992); *Harris Corp. v. Ericsson Inc.*, 194 F. Supp. 2d 533, 539-40 (N.D. Tex. 2002).
[12] The Court strikes Paragraph 5, sentences four and five of Paragraph 8, and the first sentence of Paragraph 12 of the Beckham declaration. *See* Fed. R. Evid. 1002, 1004; *see generally Kiva Kitchen & Bath, Inc. v. Capital Distrib., Inc.*, 319 F. Appx. 316, 322-23 (5th Cir. 2009) (unpublished) (applying the best evidence rule only when the terms of a writing are being established); *R.R. Mgmt. Co., L.L.C. v. CFS La. Midstream Co.*, 428 F.3d 214, 217-18 (5th Cir. 2005) (describing the best evidence rule).
[13] *See generally Fralick v. Plumbers & Pipefitters Nat'l Pension Fund*, No. 3:09-CV-0752-D, 2010 WL 2563429, at *12 (N.D. Tex. June 22, 2010) (when determining whether an administrator gave the plan a uniform construction, courts ask whether the administrator "consistently appl[ied] the Plan to similarly situated applicants.") (quoting *Stone v. UNOCAL Termination Allowance Plan*, 570 F.3d 252, 258 (5th Cir. 2009)).

5

Shreveport patient's entitlement to hospital or skilled nursing benefits, nor gauge the similarity of the Housing Authority Plan to the BRI and Carter Plans, nor know why the Shreveport patient's claim was ultimately paid. The bare facts that IMA characterized LifeCare as a skilled nursing facility, received a copy of LifeCare's hospital license, and subsequently approved full payment to the Shreveport patient, are not of probative value.[14] IMA, BRI, and the BRI Plan's Motion to Strike and Objections to Plaintiff LifeCare Management Services, LLC's Summary Judgment Evidence are therefore **GRANTED** as to IMA's Verification of Benefits and Paragraph 5, sentences four and five of Paragraph 8, and the first sentence of Paragraph 12 of Ms. Beckham's declaration and otherwise **DENIED**.

2. IMA, Carter, and the Carter Plan's Motion to Strike

IMA, Carter, and the Carter Plan move to strike the declaration of Renee Beckham and the affidavit of Judy Hogan, which are appended to LifeCare's Motion for Summary Judgment on Evans' coverage. LifeCare allegedly did not disclose Judy Hogan or Renee Beckham in discovery of the Evans claim. Under Fed. R. Civ. P. 37(c)(1), a party who fails to provide information as required by Rule 26(a) or 26(e) "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." The Court considers four factors to evaluate whether a violation of Rule 26 was harmless: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose."[15] Defendants do not assert that they were prejudiced, nor does LifeCare explain its failure to disclose. The parties do

---

[14] Defendants' remaining objections to the declaration of Renee Beckham lack merit and are denied. Ms. Beckham states under oath that she has personal knowledge of the matters in her affidavit and does not offer unreliable, expert, or legal opinions.
[15] *Tex. A & M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003); *see also Jacobs v. Tapscott*, No. 3:04-CV-1968-D, 2006 WL 2728827, at *12 (N.D. Tex. Sept. 25, 2006).

not address the importance of the evidence, nor have Defendants sought a continuance. IMA mitigated potential prejudice by filing the affidavit of Kelly Webb in response to Renee Beckham's declaration. Considering the four factors, the Court finds that the failure to disclose was harmless and determines that the Hogan affidavit and Beckham declaration should not be stricken in their entirety.

The declaration of Renee Beckham on the Evans matter is virtually identical to that described above and is stricken in part as to the same paragraphs for the same reasons.[16] The affidavit of Judy Hogan concerns Evans' medical treatment in LifeCare's Dallas facility and whether that facility is a hospital, rather than a skilled nursing facility.[17] IMA and Carter's objections to Ms. Hogan's affidavit, which are identical in substance to IMA and BRI's objections, are denied for the reasons stated above. IMA, Carter, and the Carter Plan's Joint Motion to Strike and Objections to Plaintiff LifeCare Management Services, LLC's Summary Judgment Evidence are **GRANTED** as to portions of the declaration of Renee Beckham and **DENIED** as to Judy Hogan.

B. LifeCare's Motion to Strike

LifeCare moves to strike the affidavit of Kelly Webb, a claims supervisor employed by IMA, who responds to Ms. Beckham's declaration by explaining why IMA approved the Shreveport patient's bills. Although Ms. Webb was not disclosed during discovery, neither was Ms. Beckham, and the Court finds that IMA's failure to disclose Ms. Webb was substantially justified.[18] In Paragraphs 4 and 5, Ms. Webb testifies to the terms of the Housing Authority Plan, but does not attach a copy of that Plan to her affidavit, in contravention of Fed. R. Civ. P.

---

[16] P Evans App. at 911-14.
[17] *Id.* at 908-10.
[18] Defendants purport to offer Ms. Webb's affidavit to "impeach" Renee Beckham, but the affidavit does not, in fact, impeach Ms. Beckham. Dkt. No. 72 at 3.

56(e)(1).[19] Because Ms. Webb purports to prove the contents of the Housing Authority Plan, Paragraphs 4 and 5 of her affidavit are stricken as hearsay and under the best evidence rule.[20] Ms. Webb asserts that IMA initially denied a portion of the patient's bills based on its finding that LifeCare operated a skilled nursing facility, but then approved the patient's bills because a "per diem rate" applied.[21] Although this evidence shows that IMA treated LifeCare as a skilled nursing facility, without the Housing Authority Plan or further explanation of the "per diem rate", it is not of probative value. Plaintiff's Objections to and Motion to Strike Defendants Insurance Management Administrators, Inc., Carter Chambers, LLC, and Carter Chambers Employee Benefit Plan's Summary Judgment Evidence is **GRANTED** as to Paragraphs 4 and 5 of Ms. Webb's affidavit and otherwise **DENIED**.

LifeCare seeks leave to file a reply brief appendix in support of its Motion for Summary Judgment, consisting of the Supplemental Declaration of Renee Beckham, who responds to Kelly Webb's affidavit. A reply brief may not contain new evidence.[22] Because Defendants will not have a meaningful opportunity to respond to the Supplemental Declaration, Plaintiff's Opposed Motion for Leave to File Supplemental Appendix to Plaintiff's Motion for Summary Judgment is **DENIED**.[23]

---

[19] *See E.E.O.C. v. Air Liquide USA LLC*, 692 F. Supp. 2d 658, 666 (S.D. Tex. 2010) ("[T]he court will not consider any affidavit testimony that does not comply with the standard set out in Rule 56(e)(1).").
[20] IMA Evans Resp. App. at 1-3.
[21] *Id.* at 2.
[22] *Galderma Labs., L.P. v. Actavis Mid Atl. LLC*, No. 4:06-CV-471-Y, 2008 WL 3822622, at *1 (N.D. Tex. July 23, 2008).
[23] *See Dethrow v. Parkland Hosp. Sys.*, 204 F.R.D. 102, 104 (N.D. Tex. 2001) ("Because the purpose of a reply brief is to rebut the nonmovant's response, not to introduce new evidence, such leave will be granted only in limited circumstances."); *see also Springs Indus., Inc., v. Am. Motorists Ins. Co.*, 137 F.R.D. 238, 239 (N.D. Tex. 1991) ("[A] reply brief that presents dispositive evidence by way of new affidavits and exhibits deprives the nonmovant of a meaningful opportunity to respond.").

*Conclusion*

For the reasons stated above, the Court **STRIKES IN PART** the declaration of Renee Beckham, **STRIKES IN PART** the affidavit of Kelly Webb, but does not strike the affidavit of Judy Hogan.

**SO ORDERED**.

August 18, 2010.

_____
**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**